**FILED**

**June 5, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:23 PM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | |
|---|---|
| George Limberakis,<br>　　　　Employee,<br>v.<br>Pro-Tech Security, Inc.,<br>　　　　Employer,<br>and<br>Everest National Insurance Co.,<br>　　　　Insurance Carrier. | Docket No.　2016-08-1288<br><br>State File No. 64725-2014<br><br>Judge: Deana Seymour |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

This claim came before the Court on May 24, 2017, upon George Limberakis' Request for Expedited Hearing. Mr. Limberakis asked the Court to order Pro-Tech to provide him with a doctor to treat his work-related injury because his treating physician did not relieve his symptoms and would not allow him to return for additional treatment. Pro-Tech contended the Court should deny Mr. Limberakis' request for a new authorized treating physician (ATP) because Pro-Tech fully complied with the statute and provided Mr. Limberakis with all necessary treatment for his work injury.

Thus, the central legal issue was whether Mr. Limberakis came forward with sufficient evidence to demonstrate he would likely prevail at a hearing on the merits in proving entitlement to additional medical treatment through a new ATP. For the reasons set forth below, the Court holds Mr. Limberakis presented sufficient evidence and orders Pro-Tech to substitute a physician for Dr. Park on the panel from which Mr. Limberakis shall select an ATP for additional medical benefits causally related to his work injury of July 23, 2014.

### History of Claim

Mr. Limberakis, a sixty-four-year-old resident of Shelby County, Tennessee, worked as a security officer for Pro-Tech. On July 23, he injured his back at work while lifting a heavy iron gate. Mr. Limberakis properly reported his injury, and Pro-Tech accepted the claim as compensable.

Mr. Limberakis initially received authorized medical treatment from Baptist Minor. Afterward, his ATP referred him to an orthopedic specialist and Pro-Tech provided a panel. Mr. Limberakis chose Campbell Clinic and began treating with Dr. Ashley Park on August 21.

Dr. Park treated Mr. Limberakis conservatively with medication, physical therapy, and epidural injections. Mr. Limberakis testified that this treatment did not relieve his symptoms. Dr. Park then ordered an MRI of Mr. Limberakis' low back, which showed mild degenerative facet disease and a mild disc bulge at L5-S1. In addition, he ordered a functional capacity evaluation, which placed Mr. Limberakis within the "Light" classification of work as defined by U.S. Department of Labor guidelines. Dr. Park restricted Mr. Limberakis to light duty work throughout the course of his treatment.

On April 19, 2016, Dr. Park placed Mr. Limberakis at maximum medical improvement (MMI) with no restrictions or permanent impairment. He noted that Mr. Limberakis' low back condition was medically stable and discharged him "from further care by Physical Medicine/Interventional Spine at Campbell Clinic." Dr. Park added that Mr. Limberakis did not need further medical treatment for his work related injury.

In the months following his release, Mr. Limberakis contacted Dr. Park's office multiple times to schedule an appointment. However, Dr. Park's office refused to schedule an appointment for Mr. Limberakis. In response to letters sent to Dr. Park by Mr. Limberakis' attorney, Dr. Park provided his April 19 office note in which he discharged Mr. Limberakis from further care.

Since Dr. Park refused to see Mr. Limberakis for treatment of his continuing symptoms, Mr. Limberakis claimed entitlement to additional medical treatment through a new ATP. Pro-Tech contended it complied with the statute, provided Mr. Limberakis with all necessary treatment for his work injury, and owed him no additional medical treatment for his work injury. Pro-Tech further argued that Dr. Park's opinion regarding the medical necessity for treatment recommended by a physician was entitled to a presumption of correctness pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(I)(2016). The Court considered and rejected Pro-Tech's argument since Dr. Park did not make a treatment recommendation to warrant the presumption. Thus, such statutory presumption was inapplicable to the facts of this case.

2

## Findings of Fact and Conclusions of Law

### Standard Applied

To grant the relief Mr. Limberakis sought at the Expedited Hearing, the Court applied the following legal principles. Mr. Limberakis, as employee, bore the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). He did not have to prove every element of his claim by a preponderance of the evidence but had to present sufficient evidence from which the trial court could determine he was likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2016). *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

### Entitlement to Additional Medical Benefits

Applying these legal principles to the facts of this case, the Court holds that Mr. Limberakis is entitled to the requested medical benefits. Undeniably, Mr. Limberakis chose Campbell Clinic from a panel provided to him by Pro-Tech, and Dr. Park became his ATP. However, Tennessee Code Annotated section 50-6-204(a)(3)(A)(G) (2016), provides in pertinent part:

> If any physician . . . included on a panel provided to an employee . . . declines to accept the employee as a patient for the purpose of providing treatment to the employee for his workers' compensation injury, the employee may either select a physician . . . from the remaining physicians . . . or request that the employer provide an additional choice of a physician . . . to replace the physician . . . who refused to accept the injured employee as a patient for the purpose of treating the employee's workers' compensation injury.

Here, Mr. Limberakis carried his burden of proof by his own testimony and through Dr. Park's medical records. Having directly observed Mr. Limberakis' demeanor, the Court finds he testified confidently and without reservation regarding his ongoing symptoms, and his numerous unsuccessful attempts to schedule a return appointment with Dr. Park. The Court accredits Mr. Limberakis' version of the events and finds him credible. Further, when considered against the evidence discussed within this order, the Court finds the evidence preponderates in favor of Mr. Limberakis' position.

Although Dr. Park initially accepted Mr. Limberakis as a patient, he refused additional medical treatment to him after April 19, 2016, even though Mr. Limberakis continued to have symptoms. Rather, Dr. Park placed Mr. Limberakis at MMI, removed

3

all physical restrictions, noted he did not anticipate future medical treatment, and refused to schedule a return appointment. Accordingly, as a matter of law, Mr. Limberakis provided sufficient evidence from which this Court concludes that he would likely prevail at a hearing on the merits regarding his entitlement to additional medical treatment. Since Dr. Park refused to see him, the Court grants Mr. Limberakis' request for a new ATP.

**IT IS, THEREFORE, ORDERED** as follows:

1. Pro-Tech or its workers' compensation carrier shall provide Mr. Limberakis with medical treatment as required by Tennessee Code Annotated section 50-6-204 (2016). Pro-Tech shall substitute another physician for Dr. Park on the panel from which Mr. Limberakis shall select an ATP for additional medical evaluation and treatment, if deemed necessary, for conditions related to his injury of July 23, 2014. Mr. Limberakis or the medical provider shall furnish medical bills to Pro-Tech or its workers' compensation carrier.

2. This matter is set for a Scheduling Hearing on **June 19, 2017, at 10:00 a.m. Central Time. You must call toll-free at 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ENTERED this the 5th day of June, 2017.

_____
**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:
1. Form C20 Employer's First Report of Work Injury or Illness;
2. Medical Records from Campbell Clinic Orthopaedics;
3. Correspondence sent by Ms. Bragg to Dr. Ashley Park on August 3, 2016, and November 8, 2016;
4. Dr. W. Lee Moffatt's response to Ms. Bragg's correspondence of December 23, 2016 (for identification only); and
5. Dr. Park's response to Ms. Bragg's correspondence of June 17, 2016.

Technical record:
1. Petition for Benefit Determination, filed November 14, 2016;
2. Dispute Certification Notice, filed January 4, 2017;
3. Request for Expedited Hearing and attached affidavit, filed March 28, 2017;
4. Employer's Response to Employee's Request for Expedited Hearing, filed May 10, 2017; and
5. Employee's Pre-Hearing Statement, filed May 23, 2017.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __5th__ day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Emily Bragg, Employee's Counsel | | | X | ebragg@forthepeople.com |
| Travis Ledgerwood, Employer's Counsel | | | X | tledgerwood@manierherod.com |

_____
Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5